IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION


A.B. WRIGHT,                                                              PETITIONER

V.                                                                    NO. 4:06CV146-P-B

RAYMOND BYRD, et al.,                                                   RESPONDENTS


**MEMORANDUM OPINION**

This cause comes before the court on the petition of A.B. Wright for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The parties have submitted their briefs along with exhibits and this matter is ripe for review.

**Factual Background**

Petitioner was convicted of murder in the Circuit Court of Washington County, Mississippi. On September 11, 2003, Petitioner was sentenced to prison for life. Wright appealed his conviction which was affirmed by the Mississippi Court of Appeals on November 29, 2005. *See Wright v. State*, 915 So.2d 527 (Miss. App. 2005). Petitioner did not seek rehearing of the decision or further review by the Mississippi Supreme Court. In December 2007, Petitioner filed an application for leave to proceed in the trial court and motion for post conviction relief in the Mississippi Supreme Court. The state Supreme Court denied Petitioner's motion and application.

Wright filed this petition on September 11, 2006, asserting seven grounds for relief.[1] Respondents argue that the court may not entertain Wright's petition because he has failed to

---

[1] His petition was originally dismissed for failure to exhaust state court remedies on October 31, 2006. Later, Wright submitted a motion arguing that he had exhausted his claims in state court and the matter was reopened on February 8, 2008.

Within days of his motion which resulted in the matter being reopened, Wright had filed a second habeas petition challenging the same conviction and sentence. See No. 4:07CV132-P-B. The second petition was dismissed as untimely on December 28, 2007.

properly present his claims to the State's highest court and that return to state court would now be futile.

## **Procedurally Barred Claims**

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[2]; *see also, Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

This court may not review claims presented by petitioner to the state court in such a manner that "the state court could not, consistent with its own procedural rules, have entertained [the claims]." *Edwards v. Carpenter*, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Procedural default occurs when "a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for

---

[2] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

the dismissal," or "the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred." *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999) (citations omitted).

In simple form, the procedural bar doctrine is a rule which "applies to bar federal habeas review when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991). If "state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims" *Sones v. Hargett,*, 61 F.3d 410, 416 (5th Cir. 1995). Likewise, "if the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, . . . there is a procedural default for purposes of federal habeas . . . ." *Coleman,* 501 U.S. at 735 n.1. The petitioner forfeits his § 2254 claim in either case. *Id.*

Petitioner does not, and cannot, refute Respondents argument. Petitioner failed to seek discretionary review of the denial of his direct appeal which further precluded him from seeking a writ of certiorari in the Mississippi Supreme Court. *See* M.R.A.P. 17(b). Since Wright did not seek discretionary review with the State Supreme Court, he has failed to exhaust state court remedies. 28 U.S.C. § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Moreover, Wright's ability to return to state court to exhaust his claims has long expired. *See* M.R.A.P. 40 and 17(b). Thus, each of Petitioner's claims for relief is procedurally barred.

"Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the state based its rejection of that claim on an adequate and independent state ground." *Pitts v. Anderson*, 122 F.3d 275, 278 (5th Cir. 1997). *See also Coleman*, 501 U.S.at 750; *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). "When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment,

federal courts lack jurisdiction to review the merits of the case." *Moore v. Roberts*, 83 F.3d 699, 701 (5th Cir. 1996), *cert. denied,* 117 S. Ct. 722, 136 L. Ed. 2d 717 (1997*)* (citing *Coleman*, 501 U.S. at 729). "Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not review the prisoner's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Moawad v Anderson*, 143 F.3d 942, 947 (5th Cir. 1998) (citing *Stokes v. Anderson,* 123 F.3d 858, 859 (5th Cir.1997), *cert. denied,* 522 U.S. 1134, 118 S.Ct. 1091, 140 L.Ed.2d 147 (1998)).

According to Mississippi law, Wright's failure to properly present his claims to the state's highest court bars consideration of the issues during post conviction review. Miss. Code Ann. § 99-39-21; *Flowers v. State*, 947 So.2d 910, 927 (Miss. 2007). The Fifth Circuit has held that this statutory provision is an independent state procedural bar. *Stokes*, 123 F.3d at 860. Wright offers no viable cause for the failure to preserve Grounds One through Seven for review. Indeed, there is no legally permissible reason for Wright's failure and he offers no excuse or explanation regarding the timeliness of his petition. Absent a showing of "cause" the court is not obligated to consider whether there is any prejudice. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).[3] Consistent with the court's original dismissal of this matter and contrary to Wright's unfounded assertions, his claims are procedurally barred and will be dismissed with prejudice.

## Conclusion

Based on his failure to properly submitted his claims to the State's highest court, this court is precluded from reviewing Wright's petition. The time for seeking further review in the state court

---

[3] Wright makes no claim of "actual innocence." Accordingly, the court declines to address the merits of his petition since there is no danger a "fundamental miscarriage of justice" will result. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citations omitted).

4

has expired. Therefore, Petitioner's claims are procedurally barred and his petition shall be denied in all respects.

A final judgement shall issue in accordance with this opinion.

This the 22nd day of April, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE